# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THOMAS L. BATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-153-JMS-WGH |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See *Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United* States, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States,* 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, the petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy.

In this case, habeas petitioner Thomas Bates seeks relief from his convictions in the United States District Court for the Northern District of Illinois, but fails to show that a remedy via a motion pursuant to 28 U.S.C. § 2255 was or is inadequate or ineffective to test the legality of his detention. Because Bates cannot obtain either the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/21/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana