UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THOMAS L. BATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-153-JMS-WGH |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Reconsider and Motion for
Leave to File Amended Petition for Writ of Habeas Corpus**

**I.**

This cause is before the court on the petitioner's motion to reconsider pertaining to the Judgment dismissing the action entered on the clerk=s docket on July 21, 2011. Given the timing of the petitioner's motion, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Id.* "Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger,* 633 F.3d 512, 521 (7th Cir. 2011).

There was in this case no manifest error of law or fact. The court did not misapprehend the petitioner's claims or the circumstances associated with the proper computation of the statute of limitations, nor did it misapply the law to those claims in light of the allegations and the underlying criminal record. Accordingly, the motion to reconsider [8], treated as a motion to alter or amend judgment, is **denied.**

**II.**

Bates seeks leave to file an amended petition for a writ of habeas corpus. However, once judgment was entered, Bates no longer had any right to file an amended pleading. *See Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000); *Camp v. Gregory,* 67 F.3d 1286, 1289 (7th Cir. 1995). Accordingly, Bates' motion for leave to file an amended petition for a writ of habeas corpus [9] is **denied.**

**IT IS SO ORDERED.**

Date: 08/08/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas L. Bates
# 99853-024
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808